IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH AND FAMILIES DEPARTMENT,
MARIA MORALES,
DIEDRE MALLON,
SHONDREA PERDUE,
ASHLEY WILLIAMS,
FNU CASATO,
CYNTHIA TESSMAN,
SASHA INMAN,
RANEA RICHARDS CHARNEY,
JULIE PARRA,
WILLIAM PARNELL, and
MARY DARKANGELES,

        Plaintiffs,[1]

vs.                                                                                                   No. CIV 19-0044 JB\SCY

DESTINEE CARRILLO,

        Defendant.

## MEMORANDUM OPINION AND ORDER OF REMAND

**THIS MATTER** comes before the Court on the Defendant's Notice of Removal, filed January 17, 2019 (Doc. 1)("Removal Notice"). Defendant Destinee Carrillo appears pro se. For the reasons set out below, the Court will remand the case for lack of subject-matter jurisdiction.

## PROCEDURAL BACKGROUND

Carrillo filed her Removal Notice on a form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Carrillo states: "I am requesting that my pending case with state jurisdiction

---

[1] Carrillo appears to have misjoined Plaintiffs Maria Morales, Diedre Mallon, Shondrea Perdue, Ashley Williams, FNU Casato, Cynthia Tessman, Sasha Inman, Ranea Richards Charney, Julie Parra, William Parnell, and Mary Darkangeles, as these plaintiffs are not named in the state-court documents that Carrillo attaches to her Notice of Removal, filed January 17, 2019 (Doc. 1).

to be removed and heard before a judge in federal court. The State of NM CYFD is not abiding by their own procedures or state law." Removal Notice at 2. The remainder of the Removal Notice alleges facts related to the state court case, and asserts federal constitutional and federal and state statutory violations. See Removal Notice at 2-6. The Removal Notice does not: (i) allege a federal question on the face of the underlying complaint; (ii) identify the state court from which the case has been removed; (iii) indicate that the Removal Notice was filed within thirty days from the date when the case qualifies for federal jurisdiction; (iv) contain a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon Carrillo; or (v) indicate that Carrillo gave written notice of the removal to all adverse parties and filed a copy of the Removal Notice with the clerk of the state court.

## **LAW REGARDING REMOVAL**

"If a civil action filed in state court satisfies the requirements for original federal jurisdiction, the defendant may invoke 28 U.S.C. § 1441(a) to remove the action to the federal district court 'embracing the place where such action is pending.'" Thompson v. Intel Corp., No. CIV 12-0620 JB/LFG, 2012 WL 3860748, at *4 (D.N.M. Aug. 27, 2012)(Browning, J.)(quoting 28 U.S.C. § 1441(a)). See Huffman v. Saul Holdings Ltd. P'ship., 194 F.3d 1072, 1076 (10th Cir. 1999). Defendants may remove a civil action to federal court where the district court would have original jurisdiction over the case based upon diversity of citizenship. See Huffman v. Saul Holdings Ltd. P'ship., 194 F.3d at 1076 (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). Nonetheless, federal courts "are to . . . narrowly [construe removal statutes] in light of our constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 404 F.3d 1090, 1095 (10th Cir. 2005)(citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)). See United States ex rel. King v. Hillcrest Health Ctr., 264 F.3d 1271, 1280 (10th Cir. 2001). "All doubts are

to be resolved against removal." Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). The defendant seeking to remove an action to federal court bears the burden of establishing the district court's subject-matter jurisdiction over the case. See Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002).

### 1. **The Presumption Against Removal.**

Federal courts are courts of limited jurisdiction; thus, there is some measure of a presumption against removal jurisdiction which the defendant seeking removal must overcome. See Fajen v. Found. Reserve Ins. Co., 683 F.2d at 333; Bonadeo v. Lujan, No. CIV-08-0812 JB/ACT, 2009 WL 1324119, *4 (D.N.M. April 30, 2009)(Browning, J.)("Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand."). The Supreme Court of the United States of America recently clarified that a defendant seeking removal to federal court need only include in the notice of removal a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. See Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 554 (2014). When contested, the defendant seeking removal must establish that federal court jurisdiction is proper "by a preponderance of the evidence." McPhail v. Deere & Co., 529 F.3d 947, 953 (10th Cir. 2008). See also Bonadeo v. Lujan, 2009 WL 1324119, at *4 ("As the removing party, the defendant bears the burden of proving all jurisdictional facts and of establishing a right to removal.").

### 2. **Procedural Requirements for Removal.**

Section 1446 of Title 28 of the United States Code governs the procedure for removal. "Because removal is entirely a statutory right, the relevant procedures to effect removal must be followed." Thompson v. Intel Corp., 2012 WL 3860748, at *5. A removal that does not comply with the express statutory requirements is defective, and the case must be remanded to state court.

See Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d at 1077.  See also Chavez v. Kincaid, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998)(Campos, J.)("The [r]ight to remove a case that was originally in state court to federal court is purely statutory, not constitutional.").

Section 1446(a) of Title 28 of the United States Code provides that a party seeking removal of a matter to federal court shall file a notice of removal in the district and division where the state action is pending, "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).  Such notice of removal is proper if filed within thirty days from the date when the case qualifies for federal jurisdiction.  See 28 U.S.C. § 1446(b); Caterpillar Inc. v. Lewis, 519 U.S. at 68-69.  The United States Court of Appeals for the Tenth Circuit has further elaborated that, for the thirty-day period to begin to run, "this court requires clear and unequivocal notice from the [initial] pleading itself" that federal jurisdiction is available.  Akin v. Ashland Chem. Co., 156 F.3d 1030, 1036 (10th Cir. 1998).  The Tenth Circuit specifically disagrees with "cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove may exist."  Akin v. Ashland Chem. Co., 156 F.3d at 1036.

**LAW REGARDING RULE 12(h)(3) AND SUBJECT-MATTER JURISDICTION**

It is a fundamental precept of American law that the federal courts are "courts of limited jurisdiction."  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).  Federal courts "possess only that power authorized by [the] Constitution and statute."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Among the powers that Congress has bestowed upon the courts is the power to hear controversies arising under federal law -- federal-

question jurisdiction -- and controversies arising between citizens of different states -- diversity jurisdiction. See 28 U.S.C. §§ 1331 to -32.

Pursuant to rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Objection to a federal court's subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006). See Kontrick v. Ryan, 540 U.S. 443, 455 (2004)("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884)(holding that the nature and limits of federal judicial power require that the court raise the issue of subject-matter jurisdiction sua sponte).

Whenever the court lacks jurisdiction of the subject matter involved in an action, the court must dismiss the action. See Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988). The party seeking the exercise of jurisdiction bears the burden of establishing jurisdiction and "must allege in his pleading the facts essential to show jurisdiction." United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1495 (10th Cir. 1995)(citation and internal quotations omitted). In determining whether a party has adequately presented facts sufficient to establish jurisdiction, the court should look to the complaint's face, see Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972), accepting the well-pleaded factual allegations as true, see United States v. Rodriguez-Aguirre, 2634 F.3d 1195, 1203 (10th Cir. 2001), but ignoring conclusory allegations of jurisdiction, see Groundhog v. Keeler, 442 F.2d 674, 677 (10th Cir. 1971). "[D]ismissals for lack of jurisdiction should be without prejudice because the court, having

determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims." Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir. 2006)(emphasis in original).

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. The Court will not, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cty., 32 F.3d 452, 455 (10th Cir. 1994).

## ANALYSIS

Having carefully reviewed the Removal Notice, and the relevant law, the Court will remand the case for lack of subject-matter jurisdiction. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). A defendant may remove a case to federal court if the federal court would have subject-matter jurisdiction over one or more of the plaintiff's claims pursuant to 28 U.S.C. §§ 1331 or 1332. See 28 U.S.C. § 1441(a), (b). When a defendant properly removes a case, a federal court must entertain all claims over which it has original subject-matter jurisdiction. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996)("[F]ederal courts have a strict duty to exercise the

jurisdiction that is conferred upon them by Congress."). "Since a defendant may remove a case only if the defendant could have brought the claim in federal court . . . the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986). "A defense that raises a federal question is inadequate to confer federal jurisdiction." 478 U.S. at 808.

Carrillo alleges that the Plaintiffs have violated her rights under the Sixth Amendment to the Constitution of the United States and several federal civil rights statutes "by fabricating false statements to illegally deprive" her of her two daughters. Removal Notice at 3. Carrillo, however, has not shown that the Court has federal-question jurisdiction. Rather, the Plaintiff's custody action is based solely on state law. See Neglect/Abuse Petition at 3, filed in state court October 2, 2018, filed in federal court January 17, 2019 (Doc. 1-1)(citing N.M. Stat. Ann. §§ 32A-4-2 (B)(1)(3)(4), (C)(3)). That Carrillo invokes the Constitution and various federal statutes does not confer subject-matter jurisdiction, because the federal question must be present on the face of the well-pleaded complaint. See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831 (2002). Here, Plaintiff's Neglect/Abuse Petition alleges that Carrillo "neglected and/or abused" her children in violation of New Mexico's Children's Code, § 32A-4-2, which is, on its face, based on state law relevant to state child-custody proceedings. See Neglect/Abuse Petition at 3. Nowhere does the Neglect/Abuse Petition cite federal law or recite facts obviously giving rise to a cause of action under federal law. Thus, Plaintiff's Neglect/Abuse Petition, on its face, does not present a federal question giving rise to subject-matter jurisdiction. Furthermore, the Removal Notice does not contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action," 28 U.S.C. § 1446(a), and Carrillo has not shown that she filed it within thirty days

from the date when the case qualifies for federal jurisdiction, see 28 U.S.C. § 1446(b); <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. at 68-69.  Accordingly, the Court will remand the case to the County of Bernalillo, Second Judicial District Court, State of New Mexico.

**IT IS ORDERED** that this case is remanded to the County of Bernalillo, Second Judicial District Court, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel*:

Cynthia Tessman
Davis & Pierce, PC
Albuquerque, New Mexico

    *Attorneys for Plaintiff Children, Youth and Families Department*

Destinee Carrillo
Albuquerque, New Mexico

    *Defendant pro se*